UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

RICKY YOUNG,                )
                            )
        Plaintiff,           )
                            )
    v.                      )    18-CV-4094
                            )
GRIFFARNT, *et al.*,          )
                            )
        Defendants.          )

## MERIT REVIEW ORDER

The plaintiff, proceeding pro se, a civil detainee at the Rushville Treatment and Detention Facility ("Rushville") is requesting leave to proceed under a reduced payment procedure for indigent plaintiffs who are institutionalized but are not prisoners as defined in 28 U.S.C. Section 1915(h).

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.,* 461 F.2d 649, 651 (7th Circ. 1972). Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this court grants leave to proceed *in forma pauperis* only if the complaint states a federal action.

In reviewing the Complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.,* 721 F.3d 418, 422 (7th Cir. 2013)(citation

omitted). The court has reviewed the complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the court.

The plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging that Defendant Griffarnt, a nurse, negligently gave him medication that had been prescribed to another resident. Plaintiff alleges he suffered adverse consequences and was eventually airlifted to the hospital for treatment.

Plaintiff does not state a claim for federal relief. Plaintiff needs to allege more than just negligence to prevail on his claim, and the fact that the defendant gave plaintiff the wrong medication on one occasion does not permit a plausible inference that defendant acted with deliberate indifference. *McGee v. Adams*, 721 F.3d 474, 481 (7th Cir. 2013) (even gross negligence is not enough to impose constitutional liability). Plaintiff does not state a claim against Wexford Health Sources; plaintiff cannot sue Wexford just because the company employs Defendant Griffarnt, and plaintiff does not allege his injury occurred as a result of a policy or widespread practice. *Monell v. Dep't of Social Srvcs. of City of New York*, 436 U.S. 658 (1978).

**IT IS THEREFORE ORDERED:**

1. The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed.

2. Plaintiff's motion to proceed *in forma pauperis* [3] is DENIED.

3. If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to

appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

4. A digital recording of the merit review hearing has been attached to the docket.

Entered this 25th day of July, 2018.

/s/ Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE